Allen, J.
Among other acts of negligence and carelessness leading to the collision and contributing to the injury complained of, the plaintiff charges in his complaint that the defendant negligently and carelessly omitted to keep or have a flagman, or watchman, or other person at the street crossing at which the collision and consequent injury to the plaintiff’s horse and wagon occurred, to warn and signal people traveling with horses and vehicles of the approach of trains or locomotives.
Upon the trial evidence was given that there was no flagman or other person at the place designated, whose duty it was to warn people of the approach of trains ; and in submitting the cause to the jury the judge when calling their attention particularly to the evidence bearing upon the question of contributory negligence on the part of the plaintiff’s servant in charge of and driving his horse and vehicle at the time of *136 the injury, put to them in terms, among other questions, this interrogatory: “ Is it true that he looked in both directions, and there being no flagman, and he hearing nothing ? ” The allegations of the complaint, the evidence given and the form of the interrogatory to the jury, made pertinent the request to the judge, by the counsel for the defendant at the close of the charge, to instruct the jury that the defendant was not required to give any actual notice whatever to this plaintiff or his servant, of the approach of the engine, beyond the ringing of the bell. It was not under the circumstances of this case and the course of the trial, and the instructions given to the jury, irrelevant to the issue actually tried, or a mere abstract proposition not affecting the result of the action upon trial. The jury might very readily infer that the omission of the defendant to post and keep a flagman at the intersection of Hudson street and the railroad was culpable negligence on its part, or that it relieved the plaintiff’s servant from that care and caution in approaching the railroad track which he would otherwise be bound to observe. The remark of the judge. was very liable, unexplained, to mislead the jury and give them the impression that there was an immediate connection between the omission referred to and the injury to the plaintiff’s property, and the liability of the defendant therefor. A railroad corporation is not called upon to,keep a flagman, and were only bound to operate their trains with the care and caution called for by the peculiar circumstances.
It was, therefore, error for the judge to refuse to charge as requested. The refusal deepened the impression made upon the minds of the jury by the evidence and the general instructions given them, and was equivalent to saying to them that they might charge the defendant with the consequences of the collision by reason of such omission. There can be but little doubt upon the whole case, that this error gave the case to the plaintiff. At the close of the evidence there was no evidence of any negligence save this on the part of the defendant. The fact that the person in charge of *137 the locomotive was the fireman and not a skilled engineer, was entirely immaterial, with the fact undisputed, that he had perfect control of the engine and stopped the locomotive in passing over the short space of six feet, on being advised that there was danger; and the other fact that he on one side of the engine and another person on the other side, and co-operating with him, had full view of the track and its approaches. The case is not within the principle of O'Mara v. Hudson River Railroad Co. (38 N. Y., 445.) It is very evident that the collision was not the result of any want of skill on the part of the person in charge of the locomotive. An ordinance of the city of Rochester forbid the sounding of the whistle at that crossing within the city limits, and the evidence is that the bell was rung. It is proved by the positive oath of the two individuals on the engine, one of whom rang it, and by two others who witnessed the occurrence and heard the ringing of the bell. The two witnesses for the plaintiff merely say they did not hear the bell, but they do not say that they listened or gave heed to the presence or absence of that signal. The judge in his charge, says they listened, but the statement is not borne out by the evidence. As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching- and listening for it, that their attention was directed to the fact, so that the evidence "will tend to some extent to prove the negative. A mere “ I did not hear ” is entitled to no weight in the presence of affirmative evidence that the signal was given, and does not create a conflict of evidence justifying a submission of the question to the-jury as one of fact. The engine was going at a very low rate of speed, and there was nothing in its operation or management upon which a charge of negligence could be predicated. A collision taking place at noonday under the circumstances detailed by the witnesses, must have been in part *138 if not wholly the result of carelessness on the part of the servant in charge of the plaintiff’s team.
The error of the judge, in refusing to charge as requested, may have induced and probably did induce the verdict for the plaintiff.
The judgment must be reversed and a new trial granted. All concur.
Judgment reversed.